16 F.3d 1220
 73 A.F.T.R.2d 94-1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger MULDAVIN; Jean Muldavin, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 93-1623, 93-1624.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1994.
 
 Before: GUY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 These taxpayers, pro se, appeal two Tax Court orders concerning deficiencies in the taxpayers' 1982 and 1984 taxes. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 15, 1986, the Muldavins petitioned the Tax Court for a redetermination of a 1982 deficiency claimed by the Commissioner. The record contains a Stipulation of Settlement, signed by the petitioners' counsel and by an attorney for the IRS, in which all calculations of the deficiency were agreed upon except for the amount of Windfall Profit Tax liability which was to be determined in accordance with the decision in the Muldavins' related Tax Court Case No. 23930-86. The Tax Court eventually entered a decision in that case, which was subsequently affirmed by this court on appeal. Muldavin v. Commissioner, No. 92-1025 (6th Cir. Oct. 19, 1992) (unpublished). In that case, it was determined that the Muldavins were liable for tax deficiencies and penalties under the Crude Oil Windfall Profit Tax Act of 1980 and that they were also subject to penalties for negligent or intentional disregard of the tax laws.
 
 
 3
 Based on this final decision, which was not appealed to the Supreme Court, and based on the parties' Stipulation of Settlement previously agreed to, the Tax Court entered its decision on January 5, 1993, determining that there was a deficiency in income tax for the year 1982 in the amount of $57,910.81. The Muldavins filed a motion to vacate this decision, requesting a pretrial conference. However, this motion was denied by the Tax Court's order entered February 11, 1993. The Muldavins appealed this decision, which has been assigned Case No. 93-1623 in this court.
 
 
 4
 Case No. 93-1624 is an appeal by the Muldavins stemming from a petition filed October 17, 1988, requesting a redetermination of the deficiency as set forth by the Commissioner in the amount of $4,276 for the calendar year 1984. The case was referred to a Special Trial Judge. The case was set for trial on June 5, 1989, but was continued, with the trial to commence on November 13, 1989. However, in the interim, the Muldavins obtained the same counsel that they had secured for representation in Case No. 93-1623. Counsel for the Muldavins then entered into a Stipulation of Settlement, with all calculations as to a deficiency agreed upon except for the Windfall Profit Tax liability to be determined by the Tax Court's decision in Case No. 26944-88.
 
 
 5
 After a final decision was rendered in that case and affirmed on appeal, the Special Trial Judge entered a decision finding an overpayment of income tax for the year of 1984 in the amount of $7,632.00, but finding that the request for a refund was untimely. The Muldavins filed a motion to vacate this decision and requested a pretrial conference. The Special Trial Judge denied that motion by order entered February 11, 1993.
 
 
 6
 On appeal from these two decisions, the Muldavins make the following arguments: 1) the Tax Court did not have the authority to refer the case involving the 1984 deficiency to a Special Trial Judge, because no request was made to do so; 2) the reference to the Special Trial Judge could not be made because the claimed amount of $33,640 was over the $10,000 limit as set forth in 26 U.S.C. Sec. 7443A(b)(3); 3) the Tax Court committed "rubber stamping," as evidenced by the similarity of the orders which were entered in both of the above-described cases (in wording, format and dates) and as evidenced by the short amount of time between the time the petitioners' motions to vacate were received by the court and the time that the Chief Judge and the Special Trial Judge signed the orders denying the motions; 4) the Special Trial Judge wrongly assumed jurisdiction over the 1984 deficiency case; and 5) the petitioners' "informal claims" specifically alleged facts surrounding their deductions for the Crude Oil Windfall Profit Excise Tax. The petitioners also request that this court remand the cases so that they may be consolidated with all of the seven docketed cases currently before the Tax Court.
 
 
 7
 The Commissioner's determination that a tax deficiency exists is presumptively correct, and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir.1992). The Tax Court's findings of fact are reviewed under a clearly erroneous standard, and this court has held that factual determinations are not clearly erroneous unless the court is left with a definite, firm conviction that a mistake has been made. Kearns, 979 F.2d at 1178 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). It is the taxpayer's burden of going forward and proving that a Tax Court's determination of deficiency is erroneous. Hagaman v. Commissioner, 958 F.2d 684, 690 (6th Cir.1992).
 
 
 8
 Rule 91(e) of the Rules of Practice and Procedure of the United States Tax Court states that a stipulation should be treated as a conclusive admission by the parties and that the Tax Court should not permit a party to a stipulation to qualify, change, or contradict a stipulation, in whole or in part, except where "justice requires." The Sixth Circuit has held that, normally, stipulations will be treated as binding and conclusive. Estate of Quirk v. Commissioner, 928 F.2d 751, 758 (6th Cir.1991). Stipulations serve to narrow disputes and if parties could challenge prior stipulations at will, stipulations in tax cases such as this would lose most of their purpose. Thus, such stipulations will be enforced absent exceptional circumstances. Quirk, 928 F.2d at 759.
 
 
 9
 The Muldavins stated that they were "stunned" that their attorney consented to any such agreement and had expressly stated their objections to the proposed stipulations prior to entry of the Tax Court orders. However, all of the alleged errors surround the Commissioner's calculation of the Crude Oil Windfall Excise Taxes and the amounts that could or could not be deducted from the income tax alleged for the two years in question. As properly found by the Tax Court and the Special Trial Judge in their orders denying the petitioners' motions to vacate, the parties agreed to be bound by the decisions in Tax Court Case Nos. 23930-86 and 26944-88. Thus, this portion of the stipulation of settlement has been fully litigated and is res judicata regarding the amount of taxation assessed under the Crude Oil Windfall Profit Excise Tax Act. Montana v. United States, 440 U.S. 147, 153-54 (1979); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979).
 
 
 10
 The Muldavins also questioned the validity of the Tax Court's referral of one of their cases to a Special Trial Judge for decision. Specifically, they object to the Tax Court's failure to obtain their consent to refer the case and object to the procedure used by the court for such referral. However, the applicable statute, 26 U.S.C. Sec. 7443A, specifically grants the Chief Judge of the Tax Court the authority to assign to Special Trial Judges any proceeding where the amount of the deficiency or the amount of claimed overpayment does not exceed $10,000. See Sec. 7443A(b)(3). Because the amount of the deficiency concerning the 1984 taxes was $4,276, the assignment of this case was proper. The Supreme Court has upheld the constitutionality of this procedure. Freytag v. Commissioner, 111 S.Ct. 2631 (1991). This court need not consider for the first time on appeal the Muldavins' argument that the amount of their claimed overpayment exceeded the statutory limit. See Brotherhood of Locomotive Engrs. v. ICC, 909 F.2d 909, 912-13 (6th Cir.1990); Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990).
 
 
 11
 Finally, the chronology of events in regard to the Muldavins' motion to vacate the Tax Court's decision is insufficient to carry the petitioners' burden of proof to infer "rubber stamp" activity on the part of the Chief Judge. Freytag, 111 S.Ct. at 2635 n. 2. Thus, this allegation, likewise, fails to support their claim that the Stipulations of Settlement should not be enforced.
 
 
 12
 Accordingly, no remand of the cases is necessary, and the Tax Court's decision in each of these cases is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.